IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RJ BEARDSLEY d/b/a NETBUILDS                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:23-CV-366-SA-JMV

ENCORE STEEL BUILDING CO.;
GEORGE RIDEOUT                                                 DEFENDANTS

ORDER AND MEMORANDUM OPINION

R.J. Beardsley d/b/a Netbuilds initiated this civil action against Encore Steel Building Co.
("Encore Co.") and George Rideout (collectively "the Defendants") on September 20, 2023.
Beardsley filed his Amended Complaint [9] on October 13, 2023. Before the Court is the
Defendants' Motion to Dismiss [15]. The Motion [15] has been fully briefed and is ripe for review.
The Court is prepared to rule.

*Relevant Factual and Procedural Background*

The Amended Complaint [9] brings a single breach of contract claim against Encore Co.
and Rideout related to a purchase order contract executed on October 26, 2019. In a Complaint
filed on October 13, 2020, in the United States District Court for the Eastern District of Arkansas,
Beardsley brought a breach of contract claim against Encore Co.; Rideout; Encore Steel Buildings,
LLC ("Encore LLC"); and George Scroggins related to the same purchase order contract executed
on October 26, 2019. The Court will walk through the procedural history of the Arkansas case
before turning to the case at hand.

According to the Arkansas Complaint, Beardsley is a general contractor who resides in
Oregon; Scroggins resides in Arkansas and owned Encore LLC; and Rideout resides in Mississippi
and owns Encore Co., a Mississippi corporation. The Arkansas Complaint alleges that Beardsley
sought to purchase a steel building and "the parties executed a 'purchase order contract' on or

about 10/26/2019." [15], Ex. 2 at p. 2. After submitting several payments to Encore LLC, Beardsley apparently complained about the status of his order. The Arkansas Complaint alleges that Beardsley began corresponding with Rideout, but the issues were not resolved and the "Defendants [] wholly failed to comply with their obligations under the contract." *Id.* at p. 5.

The Arkansas Complaint contains several exhibits, including the purchase order contract, invoices, a change order, and emails from Rideout. Beardsley and Encore LLC signed and accepted the purchase order contract, and Encore LLC issued the invoices and change order. In what appears to be Rideout's first email to Beardsley, Rideout states:

> The company you purchased the building from (Encore Steel Buildings LLC) is no longer in business. The entity you are now contacting (Encore Steel Building Co) is not responsible for the issues, did not receive funds for the project and was not a party to the contract. In good faith we are opting to address the issues you outlined as a third party observer.

*Id.* at p. 18.

Encore Co. and Rideout filed a Motion to Dismiss due to lack of personal jurisdiction. The Arkansas court granted the motion and found as follows:

> Beardsley pleads a single cause of action for breach of contract against all Defendants, but he fails to allege sufficient facts that the movants, Encore Co. and Rideout, had any contractual obligations to Plaintiff, and the exhibits to the complaint show the opposite. The purchase order contract dated October 26, 2019 is between Beardsley and Encore LLC. The only other mention of Encore Co. or Rideout are Rideout's communications with Beardsley, which began August 6, 2020, ten months after Beardsley and Encore LLC entered the contract. Written communications to a forum are insufficient, standing alone to confer personal jurisdiction. *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1137 (8th Cir. 2015) (citations omitted).
>
> Beardsley argues in his response that he made two pertinent allegations in the complaint. The first allegation states, "Encore Co. is the successor in interest of Encore LLC." This statement is a legal conclusion that the Court is free to disregard. *See Matthews v.*

2

> *Newport Healthcare Ctr., Inc.*, 2:05CV00271 JLH, 2006 WL
> 1026676, at *2 (E.D. Ark. Apr. 14, 2006) ("Asserting that a party is
> a successor in interest is a legal, not factual, allegation, and thus one
> that the Court may freely disregard."). The complaint is void of
> factual allegations demonstrating that Encore Co. is a successor
> corporation to Encore LLC[.]

[15], Ex. 3 at p. 5-6.

The Arkansas court further noted that a predecessor corporation's contacts with a forum may be imputed to a successor corporation, but "the complaint is void of allegations that Encore Co. purchased Encore LLC's assets and liabilities or any other facts demonstrating that Encore Co. should have expected that it could be haled into an Arkansas court with respect to Beardsley's contract with Encore LLC." *Id.* at p. 6-7.

Additionally, in the Arkansas case, Scroggins filed a Motion for Summary Judgment, asserting that under Arkansas law he could not be held personally liable for Encore LLC's debts solely by acting as a member or manager. In ruling on the motion, the Arkansas court noted that a member may be held personally liable and the corporate form may be disregarded only "when illegally abused to the injury of a third person." [15], Ex. 4 at p. 4. As such, the Arkansas court granted Scroggins' motion because the complaint alleged no wrongdoing or self-dealing on his part.[1]

Beardsley and Encore LLC thereafter reached a settlement agreement, and the Arkansas court entered a Consent Judgment against Encore LLC for the sum of $20,000. Pursuant to the Consent Judgment and the parties' Joint Stipulation of Dismissal, the Arkansas court dismissed the case *with prejudice* on February 3, 2023.

---

[1] The Arkansas court additionally denied Beardsley's request to reopen discovery under Rule 56(d) because Beardsley had not identified any specific facts, which discovery might reveal, that would provide a basis for holding Scroggins personally liable.

Beardsley initiated the present action on September 20, 2023. The Amended Complaint [9] is nearly identical to the Arkansas Complaint. It includes the same factual allegations and exhibits as those in the Arkansas Complaint. The Amended Complaint [9] again alleges that "Encore Co. is the successor in interest of Encore Steel Buildings, LLC[.]" [9] at p. 1. It further alleges: "On information and belief Defendant Rideout has failed to maintain and adhere to the corporate form and is therefore individually liable for the breaches alleged in this Complaint[.]" *Id.* at p. 2.

In the present Motion to Dismiss [15], Rideout and Encore Co. assert that the Amended Complaint [9] fails to state a claim against them and is barred by the doctrine of res judicata. Beardsley opposes the Motion [15].

## *Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 157 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

While the court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, the court need not accept "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Edmiston v. Borrego*, 75 F.4th 551, 557

4

(5th Cir. 2023) (quoting *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019)). In deciding a Rule 12(b)(6) motion, a court is generally limited to the contents of the pleadings, including attachments thereto. *See Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 634 (5th Cir. 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.*

### Analysis and Discussion

As noted, the Defendants argue that the Amended Complaint [9] fails to state a claim and that the purported claim is barred by res judicata. The Court will address the arguments in turn.

### I.    Failure to State a Claim

As this is a diversity jurisdiction case, Mississippi law governs. *See*, *e.g.*, *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) ("The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases[.]").

The Amended Complaint [9] brings a single breach of contract claim. Under Mississippi law, a plaintiff asserting a breach of contract claim must prove: "(1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *Norman v. Anderson Regional Med. Cntr.*, 262 So. 3d 520, 527 (Miss. 2019) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012)). A contract action cannot be maintained "against someone who is not a party to the action or in privity with it." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 418 (Miss. 2018) (citing *Burns v. Washington Savings*, 171 So. 2d 322, 324 (Miss. 1965) ("It is a general rule of the law of

contracts that in order to maintain an action to enforce the breach of a contract. . . it is ordinarily a necessary prerequisite that the relationship of privity of contract exist between the party damaged and the party sought to be held liable for the breach of contract.")).

Here, the Defendants assert that the Amended Complaint [9] and its attachments "in no way indicate that either Defendant was a party to the Contract." [16] at p. 4. The Court agrees. The purchase order contract attached to the Amended Complaint [9] includes the signatures of only Beardsley and Encore LLC. While the Amended Complaint [9] at times refers to "the parties" or "the Defendants" collectively, it makes no specific allegations that Encore Co. was involved in the contract's formation or alleged breach.

The Amended Complaint's [9] only mention of Encore Co. is the allegation that Encore Co. is the successor in interest to Encore LLC. This is a legal conclusion wholly unsupported by factual allegations, which the Court is not required to accept as true. *See Texas v. Dep't of Labor*, 929 F. 3d 205, 211 (5th Cir. 2019) (describing determination regarding relationship of privity as a legal conclusion). Nevertheless, attached to Beardsley's Response [24] is an Asset Purchase Agreement showing that Encore Co. purchased all of Encore LLC's assets on July 30, 2020. *See* [24], Ex. 12. This exhibit suggests that Encore Co. could plausibly be the successor in interest to Encore LLC. However, Encore Co.'s status as a successor corporation is not alone enough to subject it to the liabilities of Encore LLC. Generally, "a corporation which acquires the assets, but not the stock of another corporation, is not obligated for the liabilities of the acquired corporation." *Paradise Corp. v. Amerihost Dev., Inc.*, 848 So. 2d 177, 179 (Miss. 2003).[2] There are four

---

[2] The Court notes that there *may* be a choice-of-law issue related to successor liability. "Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation." *Bouchillon v. SAME Deutz-Fahr, Grp.*, 268 F. Supp. 3d 890, 899 (N.D. Miss. July 5, 2017) (citing *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (Miss. 2006)). As to successor liability, Arkansas and Mississippi apply the same general rule that "a corporation which purchases the assets of another corporation does not succeed to the liabilities of the selling corporation." *Campbell v. Davol, Inc.*,

exceptions to the general rule: "(1) the successor expressly or impliedly agrees to assume the liabilities of a predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction was fraudulent." *Id.* (citations omitted). Beardsley's Amended Complaint [9] contains no factual allegations whatsoever to support the application of any of these exceptions.

Additionally, the Asset Purchase Agreement states:

> Except as provided herein, Buyer is purchasing only the Assets and not any liabilities or obligations of Seller
>
> (a) The Parties hereby acknowledge and agree that Buyer will not assume any of Seller's liabilities or obligations which may have arisen in connection with the ownership or operation of the Business before or on the "Closing Date[.]"

*See id.* at p. 1.

Overall, Beardsley fails to allege facts that allow the Court to infer that Encore Co. is liable as Encore LLC's successor in interest.

Further, the Amended Complaint's [9] only allegations as to Rideout provide that Rideout sent correspondence to Beardsley on certain dates. The correspondence attached to the Amended Complaint [9] shows that Rideout consistently referred to the contract as being between Beardsley and Encore LLC. *See* [9], Ex. 9, 10, 12. For example, in a September 28, 2020 letter, Rideout states

---

620 F.3d 887, 890 (8th Cir. 2010) (citation omitted); *Paradise Corp. v. Amerihost Dev., Inc.*, 848 So. 2d 177, 179 (Miss. 2003) ("The general rule states that a corporation which acquires the assets, but not the stock of another corporation, is not obligated for the liabilities of the acquired corporation.") (citation omitted). However, Mississippi has adopted certain exceptions to the general rule that Arkansas has not recognized, including the continuity of enterprise exception. *See Paradise Corp.*, 848 So. 2d at 180 (adopting continuity of enterprise exception); *Campbell*, 620 F.3d at 893-84 (noting that Arkansas has never recognized continuity of enterprise exception). Thus, the Defendants contend that there may be a conflict between the laws that requires the Court to apply Arkansas law to the issue of successor liability and Mississippi law to all other matters determined by corporate situs. Beardsley offered no response to this issue. Because the Amended Complaint [9] includes no factual allegations to support a theory of successor liability under either state's law, the Court sees no need for a choice of law analysis.

that "Encore Steel Building Co. is serving as an intermediary to help you resolve contract issues with Encore Steel Buildings LLC." [9], Ex. 10 at p. 1. The letter provides the amount that Beardsley allegedly owed Encore LLC, and it states that Encore LLC will manufacture certain components and pay the cost of fabricated items. *See id.* The end of the letter states: "For reference, the contact for Encore Steel Buildings LLC is Mr. George Scroggins. . . I urge you to contact Mr. Scroggins with any future issues." *Id.* In other words, neither the Amended Complaint's [9] allegations nor its attachments demonstrate that Rideout was a party to the contract.

To the extent Beardsley attempts to hold Rideout personally liable under a corporate veil piercing theory, the Amended Complaint [9] contains no factual allegations (1) that Encore Co. was the corporation that owed him a performance or (2) that Rideout disregarded Encore Co.'s corporate formalities and committed other misfeasance sufficient to hold him personally liable for an alleged breach. *See Rosson v. McFarland*, 962 So. 2d 1279, 1285 (Miss. 2007) ("[T]o pierce the corporate veil, one must demonstrate: a) some frustration of contractual expectations regarding the party to whom he looked for performance; b) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and c) a demonstration of fraud or other misfeasance on the part of the corporate shareholder.").

Notably, in his Response Memorandum [25], Beardsley seems to concede that Encore Co. and Rideout were not parties to the contract, and he contends that he is not pursuing his claim under a theory of successor liability. Instead, he contends that "Rideout made the decision to assume the liabilities associated with the plaintiff's contract. . . A successor in interest liability analysis is not called for when the defendant himself assumes the liability, independent of any obligation to do so." [25] at p 4. Crucially, the Amended Complaint [9] contains no allegations that Rideout assumed liability for the contract. *See Roebuck v. Dothan Sec., Inc.*, 515 F. App'x

8

275, 280 (5th Cir. 2013) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (explaining that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")).

Accordingly, the Amended Complaint [9] fails to state a claim for breach of contract because Beardsley has not sufficiently alleged that Encore Co. or Rideout were in fact parties to the contract. The Amended Complaint [9] additionally fails to allege facts sufficient to establish the Encore Co. is liable for Encore LLC's debts as a successor in interest or that Rideout is personally liable for Encore Co.'s debts as its sole shareholder.

## II.    *Res Judicata*

The Defendants additionally argue that Beardsley's claim is barred by the doctrine of res judicata. Beardsley's *only* response to this argument is that it "ignores the actions of defendant Rideout and assuming liability for this breach of contract matter." [25] at p. 5.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). Four elements must be met for a claim to be barred by res judicata: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Cormer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

Beginning with the second element, neither party disputes the Eastern District of Arkansas' jurisdiction in Beardsley's first suit. As to the third element, the "[the Fifth Circuit] has long

9

recognized that a consent judgment is a judgment on the merits, and is normally 'given the finality accorded under the rules of claim preclusion.'" *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 538-39 (5th Cir. 1979)). As such, the Consent Judgment and related Joint Stipulation of Dismissal *with prejudice* in the Arkansas case satisfy the third element. The fourth element is satisfied because the Amended Complaint [9] and the Arkansas Complaint include the same factual allegations based on the same contract. *See id.* (concluding that fourth element was satisfied where both actions involved same allegations regarding same underlying tortious acts); *Oreck Direct*, 560 F.3d at 401-02 (explaining that fourth element is satisfied where two actions are based on the same "nucleus of facts").

The primary issue here is whether Encore Co. is sufficiently in privity with Encore LLC. "A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *SunAmerica*, 962 F.2d at 1173 (citing *Nevada v. United States*, 463 U.S. 110, 129, 103 S. Ct. 2906, 2917, 77 L. Ed. 2d 509 (1983)). "For res judicata purposes, [the Fifth Circuit] has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (citing *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990)) (additional citation omitted).

Here, the Amended Complaint [9] alleges that Encore Co. is Encore LLC's successor in interest. As noted, the Amended Complaint [9] includes no factual support for this assertion, but Beardsley's Response [24] includes an Asset Purchase Agreement showing that Encore Co. may plausibly be Encore LLC's successor in interest. Accordingly, Encore Co. and Encore LLC are in

privity with each other for res judicata purposes. *See SunAmerica*, 962 F.2d at 1173 (finding privity and applying res judicata where the gravamen of plaintiff's complaint was that defendant company was liable as the successor in interest to company sued in previous suit). Further, given that Beardsley attempts to treat Rideout and Encore Co. as one and the same pursuant to a corporate veil piercing theory, res judicata bars his claim against Rideout as well.

The Court additionally notes that this outcome is in keeping with the purpose of res judicata, which is to prevent parties from relitigating issues that were or could have been raised in the previous action. *See Oreck Direct*, 560 F.3d at 401. Here, Beardsley attempts to hold Rideout and Encore Co. liable for the exact same contract and factual allegations at issue in the Arkansas complaint. He had the opportunity to raise all of his claims related to the October 26, 2019 purchase agreement in the Arkansas action, and he settled those claims. Res judicata therefore prevents Beardsley from having "a second bite at the apple." *SunAmerica*, 962 F.2d at 1175 (quoting *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279 (5th Cir. 1989)).

*Conclusion*

For the reasons set forth above, the Defendants' Motion to Dismiss [15] is GRANTED. Beardsley's Amended Complaint [9] is dismissed *with prejudice*. This CASE is CLOSED. A Final Judgment consistent with this Order will issue this day.

SO ORDERED, this the 23rd day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE